NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

GRANT HOWARD TERRY, *Appellant*.

No. 1 CA-CR 18-0054
FILED 12-13-2018

Appeal from the Superior Court in Yavapai County
No. P1300CR201600425
The Honorable Tina R. Ainley, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Offices of Stephen L. Duncan, P.L.C., Scottsdale
By Stephen L. Duncan
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Randall M. Howe joined.

---

**C R U Z**, Judge:

**¶1**        Grant Howard Terry was convicted of two counts of sexual exploitation of a minor and sentenced to two consecutive terms of 12.5 years. On appeal, Terry claims that the superior court committed reversible error when the prosecutor arguably referred to Terry as "a predator" at trial, and the court (1) denied his motion for a mistrial and (2) did not give a curative instruction to the jury.  For the following reasons, we disagree and affirm Terry's convictions and sentences.

### FACTS AND PROCEDURAL HISTORY

**¶2**        In June 2015, police executed a search warrant of Terry's home in Prescott.  They seized two laptop computers, one of which belonged to Terry.  A forensic analysis of Terry's laptop computer revealed 179 images of apparent child pornography, bookmarks for websites associated with child pornography, and evidence of internet searches for child pornography.  Four of the photographs discovered on Terry's computer were assessed by two pediatric nurse practitioners at Phoenix Children's Hospital.  They gave each image a 1 out of 5 Sexual Maturity Rating—a 1 rating indicating complete sexual immaturity.

**¶3**        At trial, Detective Mora testified regarding his interview with Terry, a transcript of which was admitted into evidence.  During the direct examination of Detective Mora, the prosecutor asked him, "Did you feel that you had perhaps a predator still out in our community after you interviewed the defendant?"  Terry objected, and the court sustained the objection.  Detective Mora did not answer the question.  During a lunch recess shortly thereafter, Terry moved for a mistrial, asserting that the prosecutor's "predator" remark "deprived [Terry's] right to due process and [a] fair trial"; the court denied the motion, and stated the court could "address it in the final instructions that the jury should disregard any terms like that that have been used."

¶4 Near the close of trial, the court provided both parties a copy of the jury instructions it intended to give. No instruction regarding the "predator" reference was included in the draft. Although the court did not give the jury any instruction specific to that remark, the court gave the standard instruction: "When an objection to a lawyer's question was sustained, you are to disregard the question, and you are not to guess what the answer to the question might have been." The jury found Terry guilty of two counts of sexual exploitation of a minor. The court sentenced him to serve two consecutive terms of 12.5 years.

¶5 Terry timely appeals, arguing the court erred by not granting his motion for a mistrial or giving a curative jury instruction specific to the prosecutor's improper remark. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

I.    The Court's Denial of Terry's Motion for a Mistrial

¶6 At trial, Terry adequately stated the grounds for his objection and motion for a mistrial; it is therefore sufficiently preserved for appeal. *State v. Hardwick*, 183 Ariz. 649, 653 (App. 1995) (citing *Goodman v. Carson*, 84 Ariz. 177 (1958)).

¶7 "Because the trial court is in the best position to determine the effect of a prosecutor's comments on a jury," we review claims of prosecutorial misconduct for abuse of discretion. *State v. Newell*, 212 Ariz. 389, 402, ¶ 61 (2006) (citation omitted). A court abuses its discretion where the record fails to provide substantial support for its decision or the court commits an error of law in reaching the decision. *Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 456 (1982); *see also Torres v. N. Am. Van Lines, Inc.*, 135 Ariz. 35, 40 (App. 1982) (discretion abused if "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons").

¶8 To require reversal on grounds of prosecutorial misconduct, "the conduct must have been so pronounced and persistent that it permeated the entire trial and probably affected the outcome." *State v. Bolton*, 182 Ariz. 290, 307 (1995) (citation omitted). We disagree with Terry that the State's conduct here meets this standard, and thus decline Terry's invitation to overturn his conviction.

¶9 Terry cites only to *State v. Hardwick* to support his contention of prosecutorial misconduct. 183 Ariz. at 653. The defendant in *Hardwick*

stood charged of multiple crimes related to the molestation of a child. *Id.* at 650. At trial, after establishing the defendant possessed certain various characteristics, the prosecutor handed the defendant a document titled "Child Molesters: A Behavioral Analysis." The prosecutor, however, had not laid any foundation for the document, nor had any expert testified regarding the document, and the document was not admitted as evidence. *Id.* at 651, 653. The prosecutor then directed the defendant to agree that various "predictors" of pedophiles were listed in the document — predictors that matched the character traits of the defendant that the prosecutor had previously established. *Id.* at 651-53. The prosecutor concluded the line of questioning by asking the defendant: "And, *based on identifying pedophiles, you are a classic child molester,* isn't that true?" *Id.* at 653. Finally, at closing, the prosecutor argued to the jury that the defendant possessed the characteristics of a pedophile as identified by the unadmitted document, remarking that "'[t]he whole litany of *what is a pedophile, each and every quality belongs to the defendant,*' and 'you think about all those traits of [the defendant] and *when you look like a pedophile, act like a pedophile, you are a pedophile.*'" *Id.* at 653-54. The jury convicted the defendant on sixteen counts. *Id.* at 651.

¶10 On appeal, this court stated in the strongest terms that the error was "clear," "egregious," "both reversible and fundamental." *Id.* at 654. Because the prosecutor had "purposefully and repeatedly introduced" an inadmissible document that bore on the central issue of the case, and had argued that the defendant must be a child molester based on the character traits listed in the document, the court held that nothing short of a new trial could cure the error. *Id.*

¶11 Here, the conduct by the prosecutor does not come close to that of the egregious conduct in *Hardwick*. The improper remark — "Did you feel that you had perhaps a predator still out in our community after you interviewed the defendant?" — was immediately objected to, never answered, and the court sustained the objection. The word "predator" was never again uttered during the remainder of the trial.

¶12 Nor can Terry show he was prejudiced by the denial of his motion for a mistrial. In addition to the isolated nature of the remark, we must consider that "a judgment of conviction is commonly the culmination of a trial which includes testimony of witnesses, argument of counsel, receipt of exhibits in evidence, and instruction of the jury by the judge." *Donnelly v. DeChristoforo*, 416 U.S. 637, 645 (1974). The remark Terry objected to "was but one moment in an extended trial," *id.*; the singular utterance of the word "predator" did not permeate the entire trial to the

extent that Terry was stripped of due process, *see Bolton*, 182 Ariz. at 307; *State v. Cornell*, 179 Ariz. 314, 330 (1994) ("This was not a close case in which the improper questions might have tipped the scales and deprived Defendant of a fair trial. From our review of the record it is evident that the weight of the evidence against Defendant would have resulted in his conviction with or without these remarks.") (citations omitted).

¶13 The evidence overwhelmingly pointed to Terry's guilt. A computer forensic analyst (1) identified 179 photographs that he suspected were child pornography (89 of which were saved in a file created under a user profile bearing the name "Howie"); and (2) discovered multiple internet searches showing Terry was searching for child pornography, including searches such as "nine old girl vagina [sic]," "nude seven-year-old girl," and "two young girl vaginal insertions."

¶14 Detective Mora testified Terry admitted he had tried to masturbate to pictures of minors on one or two occasions, and that he received files of and links to child pornography from his roommate throughout the few years before his arrest, but he "thought he had erased them." Also, the jury saw the four photographs from Terry's computer that pediatric nurse practitioners identified as child pornography.

¶15 Arguably most weighty, however, is Terry's own testimony at trial. Terry testified that during his interview with Detective Mora, he admitted he received, possessed, and saved computer images of child pornography. He further admitted that the images of child pornography shown to the jury were from his computer. Finally, he confessed at trial to knowing the pictures depicted nude girls from 8 to 14 years of age, and knowing that possessing such images was illegal.

¶16 Given the weight of the evidence, we hold that the prosecutor's remark did not deprive Terry of a fair trial. *See Cornell*, 179 Ariz. at 330 ("From our review of the record it is evident that the weight of the evidence against Defendant would have resulted in his conviction with or without these remarks.") (citations omitted).

II.      The Jury Instruction

¶17 Regarding Terry's appeal of the court's failure to give a curative instruction specific to the "predator" comment, the record reflects that Terry did not object to the court's proposed jury instructions. Accordingly, we review for fundamental error only. *State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018) (absent objection by the defendant, "we will not

reverse unless the court committed error that was both fundamental and prejudicial") (citation omitted).

**¶18**         Finally, even if the court ought to have given an instruction specific to the "predator" comment, the lack of any such instruction did not prejudice Terry. *Escalante*, 245 Ariz. at 140, ¶ 12; *cf. Cornell*, 179 Ariz. at 330 (holding that, despite finding the court ought to have given a specific instruction regarding the prosecutor's improper remarks that the defendant would be set free if acquitted by reason of temporary insanity, such a brief event did not constitute error requiring reversal considering the weight of evidence against the defendant).

## CONCLUSION

**¶19**         Given the weight of the evidence presented to the jury, Terry was not deprived of a fair trial. We affirm his convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:  AA